Edgar Hill v. Commissioner.
Hill v. Commissioner
Docket No. 57266.
United States Tax Court
T.C. Memo 1956-286; 1956 Tax Ct. Memo LEXIS 5; 15 T.C.M. (CCH) 1492; T.C.M. (RIA) 56286; December 31, 1956
Edgar Hill, 117 Simpson Avenue, Memphis, Tenn., pro se. Raymond Whiteaker, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: The respondent determined a deficiency in the income tax of the petitioner for the calendar year 1952 in the amount of $381. The sole issue is whether the petitioner is entitled to the dependency credits under section 25(b) of the Internal Revenue Code of 1939, for a daughter-in-law and her two minor children, petitioner's grandchildren, or any of them. Findings of Fact Petitioner *6 resides in Memphis, Tennessee. He filed an individual income tax return for the year involved with the director of internal revenue for the District of Tennessee, wherein he reported total income, from wages, in the amount of $4,557.73, against which income tax in the amount of $173.14 was withheld. In addition to exemptions for himself, his wife, and two children of his own, Doris Gene Hill and Linda Carroll Hill, petitioner claimed dependency credits for his daughter-in-law, Virginia Hill (wife of his son, Herman Hill) and her two children, Sandra Ann Hill and Harold Thomas Hill, then approximately one and two years of age, making a total of seven exemptions claimed. By taking the standard deduction and computing his tax from the table attached to the return, petitioner reported his tax liability as "None" and requested a refund in the amount of the tax withheld. Respondent disallowed the dependency credits claimed for the daughter-in-law and two grandchildren, for lack of sufficient evidence to establish that petitioner paid more than half their support during the year 1952. During the year involved petitioner occupied a house which he owned or was in the process of buying. In *7 addition to his wife and their two children, Doris Gene and Linda Carroll, petitioner's son, Herman, the latter's wife, Virginia and their two children, Sandra Ann and Harold Thomas, lived in the same house with petitioner. Petitioner's son, Herman, was employed a part of the year involved by the Trojan Luggage Company and contributed "$5.00 every once in a while" to petitioner toward the support of the children or of the household. Virginia also worked at the same place for a part of the time but she contributed nothing toward the support of her children or of the household. The petitioner furnished more than one-half the cost of the support of his two grandchildren, Sandra Ann Hill and Harold Thomas Hill, during the year 1952. The evidence fails to establish that petitioner contributed over one-half of the support of his daughter-in-law, Virginia Hill. Opinion The question for decision is whether petitioner furnished more than one-half the support of his daughter-in-law and two grandchildren during the year 1952, so as to entitle him to a dependency credit for any or all of them under the provisions of section 25(b) of the Internal Revenue Code of 1939. [1] No records were kept *8 and no evidence offered as to the total amount expended specifically for the support of the daughter-in-law and the two grandchildren. Petitioner testified, however, that he provided the home not only for himself, his wife, and two of their other children, but also for his son Herman and the latter's wife and their two children. Herman worked a part of the year and made small contributions to petitioner from time to time toward the household expenses. Virginia also worked for a small portion of the year but she made no contribution whatever toward the support of her children or the expenses of the household. *9 While the evidence is not as complete and specific as might be desired, we think it fairly establishes that petitioner furnished more than one-half the support of his two grandchildren and that he is entitled to the credit claimed on their account for the taxable year. On the other hand, there is no evidence as to how much Herman and Virginia had earned and spent on themselves. Accordingly the evidence is not sufficient to establish that petitioner furnished more than one-half the support of his daughter-in-law and he is not entitled to the credit claimed on her account. Decision will be entered under Rule 50. Footnotes
1. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for both Normal Tax and Surtax. - (1) Credits. - There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income: * * *
(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, except that the exemption shall not be allowed in respect of a dependent who has made a joint return with his spouse under section 51 for the taxable year beginning in such calendar year. * * *
(3) Definition of Dependent. - As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: (A) a son or daughter of the taxpayer, or a descendant of either, * * *
(H) a * * * daughter-in-law, * * * of the taxpayer. * * *↩